DIVINE HOME REMODELLING, LLC,   )
a/k/a KING DIVINE,   )
  )
      Plaintiff,   )
  )
     v.   )   No. 4:19-cv-553-JAR
  )
U.S.,   )
  )
      Defendant.   )

## MEMORANDUM AND ORDER

This matter is before the Court upon plaintiff Divine Home Remodelling, LLC, a/k/a King Divine's submission of a civil complaint and a motion for leave to proceed *in forma pauperis*. The Court has considered the motion, and has determined it should be granted. Additionally, the Court has reviewed the complaint, and has determined that it should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), this Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible

claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray,* 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon,* 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone,* 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the instant complaint against the U.S., seeking "ownership of the U.S. forever and protection" and "999 dicillion dollars." (Docket No. 1 at 5). He alleges as follows.

1. The U.S. abused me.
2. about 2008 to current
3. St. Louis, Mo
4. mental abuse
5. The U.S. failed to protect my human rights.

*Id.*

## Discussion

2

Having reviewed and liberally construed the complaint, the Court is unable to ascertain plaintiff's claims. The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Civil plaintiffs are required to set out not only their alleged claims in a simple, concise, and direct manner, but also the facts supporting such claims as to each named defendant. Even *pro se* litigants are obligated to plead specific facts and proper jurisdiction and abide by the Federal Rules of Civil Procedure. *See McNeil*, 508 U.S. at 113.

In the case at bar, plaintiff has failed to follow the foregoing requirements. Although the Court is to give plaintiff's complaint the benefit of a liberal construction, the Court will not create facts or construct claims. In addition, plaintiff's allegations and his prayer for relief are nonsensical. For these reasons, the Court will dismiss this action as frivolous and for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED.** A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 25th day of March, 2019.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

3